**NOT FOR PUBLICATION**

```
            UNITED STATES DISTRICT COURT
               DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| JAMES T. BANKOWSKI, | |
| Petitioner, | CIVIL ACTION NO. 11-3516 (MLC) |
| v. | **O P I N I O N** |
| EVELYN DAVIS, et al., | |
| Respondents. | |

**COOPER, District Judge**

Petitioner, James T. Bankowski, petitions for a writ of habeas corpus under 28 U.S.C. § 2254. It appears that Petitioner is not entitled to issuance of the writ at this time. Thus, the Court will dismiss the Petition without prejudice. See 28 U.S.C. § 2243.

**I.   BACKGROUND**

The following facts are taken from the Petition and its attachments, as well as court records of which this Court takes judicial notice, and are accepted as true for purposes of this Opinion.[1]

---

[1] This Court will take judicial notice of the dockets of other courts in cases related to this Petition. See Fed.R.Evid. 201; S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group Ltd., 181 F.3d 410, 426-27 (3d Cir. 1999) (court may take judicial notice of another court's opinion, not for truth of facts recited therein, but for existence of the opinion, which is not subject to reasonable dispute over its authenticity); see also 28 U.S.C. § 2254(e)(1) ("In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.")

Following a jury trial, Petitioner was found not guilty of aggravated assault, but guilty of two counts of lesser-included offenses of simple assault. The jury also found Petitioner guilty of both second-degree witness tampering and third-degree witness tampering. The trial judge sentenced Petitioner to an aggregate of ten years, with three-and-one-third years of parole ineligibility. State v. Bankowski, 2010 WL 4054117 (N.J. App.Div. Oct. 13, 2010.) Petitioner directly appealed, and raised claims regarding: his right to grand jury indictment; admission of evidence of prior bad acts and failure to give limiting instruction; failure to admit certain documents into evidence; improper jury charge; prosecutorial misconduct; improper bias and improper sua sponte allowance of evidence by trial judge; improper references to restraining order; and manifestly excessive sentence. Petitioner also filed a supplemental pro se brief, in which he separately argued that his trial attorney was ineffective in numerous respects, including: failing to call his previous defense attorney as a trial witness; not offering the audiotape of his wife's voicemail messages into evidence; and, not arguing that the wife had been "kidnaped" and that she had been forced to testify under duress.

The New Jersey Appellate Division affirmed the conviction and sentence on October 13, 2010. Bankowski, 2010 WL 4054117. As to the ineffective assistance of counsel claim, the Appellate Division held:

2

> To the extent that certain of defendant's pro se arguments allege the ineffective assistance of his trial attorney, such arguments are best reserved for a future application for post-conviction relief ("PCR") rather than on this direct appeal, see State v. Preciose, 129 N.J. 451, 459-60, 609 A.2d 1280 (1992), and those particular claims of ineffectiveness consequently are so reserved if defendant timely seeks such PCR relief.

Bankowski, 2010 WL 4054117, at *19.

The New Jersey Supreme Court denied certification on March 31, 2011. State v. Bankowski, 15 A.3d 325 (N.J. 2011).[2] According to the allegations of the Petition and the Answer provided by Respondents here, Petitioner has not filed a state petition for post-conviction relief.

This Petition, sent to the Court on June 6, 2011, followed. Here, Petitioner raises, among other claims, the claim of ineffective assistance of trial counsel that was raised on direct appeal, but not addressed.

II. DISCUSSION

　A.　Legal Standard

28 U.S.C. § 2254 provides, in pertinent part:

(a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

---

[2] As Petitioner did not seek a writ of certiorari from the United States Supreme Court, his conviction became final on June 29, 2011, ninety days after the New Jersey Supreme Court denied certification. See 28 U.S.C. § 2244(d)(1)(A).

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(i) there is an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State...
>
> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A state prisoner applying for a writ of habeas corpus in federal court must first "exhaust[] the remedies available in the courts of the State," unless "there is an absence of available State corrective process[] or ... circumstances exist that render such process ineffective". 28 U.S.C. § 2254(b)(1); see Rose v. Lundy, 455 U.S. 509, 515 (1982); Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997) (finding Supreme Court precedent and statute "mandate that prior to determining the merits of [a] petition, [a court] must consider whether [petitioner] is

4

required to present [his or her] unexhausted claims to the [state's] courts").

The exhaustion requirement is intended to allow state courts the first opportunity to pass upon federal constitutional claims, in furtherance of the policies of comity and federalism. Granberry v. Greer, 481 U.S. 129 (1987). Exhaustion also has the practical effect of permitting development of a complete factual record in state court, to aid the federal courts in their review. Lundy, 455 U.S. at 519.

A petitioner exhausts state remedies by presenting federal constitutional claims to each level of the state courts empowered to hear those claims, either on direct appeal or in collateral post-conviction proceedings. See, e.g., O'Sullivan v. Boerckel, 526 U.S. 838, 847 (1999) ("requiring state prisoners to file petitions for discretionary review when that review is part of the ordinary appellate review procedure in the State"); Lambert, 134 F.3d at 513 (collateral attack in state court is not required if petitioner's claim has been considered on direct appeal); 28 U.S.C. § 2254(c) ("applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented"). Once a petitioner's federal claims have been fairly presented to the state's highest court, the

exhaustion requirement is satisfied. Castille v. Peoples, 489 U.S. 346, 350 (1989).

Failure to exhaust may be excused if state process is unavailable, but "state law must clearly foreclose state court review of unexhausted claims." Toulson v. Beyer, 987 F.2d 984, 987 (3d Cir. 1993). Also, "if a prisoner could establish that the activities of the state authorities made the prisoner's resort to the state procedures in effect unavailable, exhaustion would be excused." Mayberry v. Petsock, 821 F.2d 179, 184 (3d Cir. 1987). A petitioner generally bears the burden to prove all facts establishing exhaustion. Toulson, 987 F.2d at 987.

Generally, district courts should dismiss petitions containing unexhausted claims in the absence of a state court decision clearly precluding further relief, even if it is not likely that a state court will consider the claims on the merits. Lundy, 455 U.S. at 522; see Toulson, 987 F.2d at 989 ("Because no [New Jersey] court has concluded that petitioner is procedurally barred from raising his unexhausted claims and state law does not clearly require a finding of default, we hold that the district court should have dismissed the petition without prejudice for failure to exhaust state remedies.")

The exhaustion doctrine is a "total" exhaustion rule. That is, "a district court must dismiss habeas petitions containing both unexhausted and exhausted claims." Lundy, 455 U.S. at 522.

6

When Lundy was decided, there was no statute of limitations on the filing of federal habeas petitions. The enactment in 1996 of a one-year limitations period for § 2254 habeas petitions,[3] however, "'has altered the context in which the choice of mechanisms for handling mixed petitions is to be made.'" Crews v. Horn, 360 F.3d 146, 151 (3d Cir. 2004) (quoting Zarvela v. Artuz, 254 F.3d 374, 379 (2d Cir. 2001)). Because of the one-year limitations period, dismissal of a timely-filed mixed petition may forever bar a petitioner from returning to federal court. "Staying a habeas petition pending exhaustion of state remedies is a permissible and effective way to avoid barring from federal court a petitioner who timely files a mixed petition." Crews, 360 F.3d at 151. Indeed, "when an outright dismissal could jeopardize the timeliness of a collateral attack, a stay is the only appropriate course of action." Id. at 154. However:

> [S]tay and abeyance should be available only in limited circumstances. . . . [S]tay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless.
> . . .
> On the other hand, it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory

---

[3] See 28 U.S.C. § 2244(d).

>litigation tactics. In such circumstances, the district court should stay, rather than dismiss, the mixed petition. . . . For the same reason, if a petitioner presents a district court with a mixed petition and the court determines that stay and abeyance is inappropriate, the court should allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief.

Rhines v. Weber, 544 U.S. 269, 277-78 (2005) (citations omitted).

Even where stay and abeyance is appropriate, a district court's discretion in structuring the stay is limited by the timeliness concerns reflected in the one-year statute of limitations. "Thus, district courts should place reasonable time limits on a petitioner's trip to state court and back." Id. at 278; see Crews, 360 F.3d at 154 ("If a habeas petition is stayed, the petitioner should be given a reasonable interval, normally 30 days, to file his application for state post-conviction relief, and another reasonable interval after the denial of that relief to return to federal court. If a petitioner fails to meet either time-limit, the stay should be vacated nunc pro tunc.") (citations omitted).

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. See Royce

8

v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Att'y Gen., 878 F.2d 714, 721-22 (3d Cir. 1989).

**B.   Analysis**

Petitioner here has filed a "mixed" petition, containing both exhausted and unexhausted claims.  Specifically, Ground Nine of the Petition, ineffective assistance of counsel, is unexhausted.  The Court also notes that in the claims raised in Grounds One through Three and Six through Eight of the Petition, as well as when these claims were raised on direct appeal in the state courts, Petitioner asserts only issues related to violations of state law.  He does not allege the deprivation of any federal constitutional rights.[4]

State law provides direct appeal and collateral review processes adequate to test Petitioner's unexhausted claims.  See,

---

[4] "In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); 28 U.S.C. § 2254(a). "If a state prisoner alleges no deprivation of a federal right, § 2254 is simply inapplicable." Engle v. Isaac, 456 U.S. 107, 120 n.19 (1982). In reviewing a § 2254 petition, a federal court is not permitted to address a federal constitutional claim pertinent to the facts of the case unless the petitioner asserts the claim as a ground for relief.  That is, "errors of state law cannot be repackaged as federal errors simply by citing the Due Process Clause." Johnson v. Rosemeyer, 117 F.3d 104, 110 (3d Cir. 1997).  In addition, "it is well established that a state court's misapplication of its own law does not generally raise a constitutional claim." Smith v. Horn, 120 F.3d 400, 414 (3d Cir. 1997) (citations and internal quotation marks omitted); see Smith v. Zimmerman, 768 F.2d 69, 71, 73 (3d Cir. 1985).

9

e.g., N.J.Ct.R. 3:22 (Post-Conviction Relief).[5] Indeed, in its opinion affirming Petitioner's conviction and sentence, the Appellate Division explicitly directed Petitioner to pursue his ineffective assistance-of-counsel claim in a state petition for post-conviction relief. Petitioner did not do so. Accordingly, he cannot establish good cause for failure to exhaust his state remedies that would permit this Court to stay this proceeding pending exhaustion of the unexhausted claim.

Moreover, as Petitioner's conviction did not become final until June 29, 2011, his one-year limitations period for filing a § 2254 petition has not yet expired. Accordingly, his ability to return to federal court following exhaustion of his state remedies would not be precluded by dismissal without prejudice of this Petition at this time, provided Petitioner acts diligently in exhausting his state remedies and returns to federal court thereafter. See 28 U.S.C. § 2244(d)(1) and (2).

This "mixed" Petition will be dismissed without prejudice. Should Petitioner wish to drop all unexhausted claims, and proceed only with the exhausted claims, he may move to re-open this matter. In that event, the Court takes this opportunity to remind Petitioner, as he was previously advised by this Court's

---

[5] As New Jersey Court Rule 3:22-12 sets forth a five-year limitations period, from the date of entry of judgment, for first state petitions for post-conviction relief, it does not appear that Petitioner would be time-barred from pursuing his claim.

June 21, 2011 Mason Order, that prisoners challenging the legality of their detention pursuant to the judgment of a State court must marshal in one § 2254 Petition all the arguments they have to collaterally attack the State judgment and, except in extremely limited circumstances, file this one all-inclusive Petition within one year of the date on which the judgment of conviction becomes final by the conclusion of direct review or the expiration of the time for seeking such review. See 28 U.S.C. § 2244(d). Once a prisoner decides to proceed with such a petition, he loses the ability to file a second or successive petition under § 2254, absent certification by the Court of Appeals for the Third Circuit and extraordinary circumstances.

Accordingly, should Petitioner wish to proceed only with his exhausted claims, he may move to re-open this matter within 45 days after entry of the Court's order and judgment here.

### III. CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims

or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003).

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).  Here, jurists of reason would not find it debatable whether Petitioner has presented a mixed Petition.  No certificate of appealability shall issue.

**IV. CONCLUSION**

The Petition will be dismissed without prejudice.  The Court will issue an appropriate order and judgment.

                                             s/ Mary L. Cooper
                                             **MARY L. COOPER**
                                             United States District Judge

Dated:  March 16, 2012